**Howard P. WILLENS, et al., Plaintiffs,**

v.

**NATIONAL SECURITY COUNCIL, Defendant.**

**Civ. A. No. 85–1400.**

United States District Court, District of Columbia.

Sept. 25, 1989.

Howard P. Willens, Deanne Siemer, Wilmer, Cutler & Pickering, Washington, D.C., for plaintiffs.

Richard G. Lepley, Civ. Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

REVERCOMB, District Judge.

One of the principal issues in this matter is whether the Defendant has properly invoked Exemption 1 to the Freedom of Information Act. 5 U.S.C. § 552(b)(1). Although thus Court is hesitant to review the judgment of the Defendant on issues of national security, the deference to be applied to Defendant's criteria in the instant case for withholding documents is not necessarily as compelling where other agencies within the federal government are releasing to the public the very documents that the Defendant has previously claimed should be withheld. Although the Defendant has subsequently released previously classified documents once other agencies have done so, the question raised by these circumstances is whether the Defendant's criteria for withholding the documents in the first instance is in fact related to a properly invoked Exemption 1 claim.

Moreover, Plaintiff claims that much of the information within the withheld documents is already in the public domain and to that extent should be released by the Defendant. The Plaintiff has provided this Court with extensive appendices to enable this Court to compare the information purportedly contained within the withheld documents with that already released to and known by the public. Accordingly, it is hereby

ORDERED that Defendant shall provide the Court with unredacted copies of all the documents currently in dispute and appear for an *in camera* hearing on October 16, 1989 at 9:30 a.m.; and it is further

ORDERED that Defendant will provide a court reporter with the necessary security clearance to transcribe the proceedings in order to establish a complete record for meaningful appellate review; and it is further

ORDERED that, in accordance with Defendant's representation at the September 11, 1989 summary judgment hearing, Defendant will file with this Court a sworn affidavit by October 16, 1989 that it no longer possesses the presidential or White House files and that it does not possess any copies of those files or possess any other source of the information that was contained in those files.